JEFFREY S. HARNDEN

ORIGINAL

FILED APR 29 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name Harnden. H31120
(Last) (First) (Initial)

Prisoner Number H31120

Institutional Address 4A3R-50- PO BOX 3476 Corcoran State Prison
Corcoran Ca 93212

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

E-filing

HARNDEN J.S. "Judge!"
(Enter the full name of plaintiff in this action.)

vs.

California CDC Commaties et all

(Enter the full name of respondent(s) or jailor in this action)

CV 08 2229

Case No. 2229
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**
28 U.S.C.A. § 2241.

WHA (PR)

STATE CORT 91-027-C

28 USC 144 Judge Jenkins is Bias. Declaration attached

Read Comments Carefully Before Filling In

When and Where to File

FUNDIMENTAL MISCarrage of Justice

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas 28 U.S.C.A. § 2241.

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas 28 U.S.C.A. §§ 2241, 225 F.3d 1100, Barapind v. Reno, (C.A.9 (Cal.) 2000)

the gatekeeping provisions as long as the respective petitions are properly labeled. *See* 106 F.3d at 475.

08-2229 WHA

Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

When the petition is completed, the original and 3 copies, must be mailed to the Clerk of the United States District Court for the ~~Central~~ North District of California, United States Courthouse, ~~312 North Spring Street, Los Angeles, California 90012~~ 450 Golden Gate ave SF Ca 94102, ATTENTION: Intake/Docket Section.

Only one sentence, conviction or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

PLEASE COMPLETE THE FOLLOWING: (check appropriate number)

This petition concerns:

1. 91-027-C a conviction. in Del norte County

2. (8) charges a sentence.

3. ________ jail or prison conditions.

4. ________ prison discipline.

5. ________ a parole problem.

6. ________ other.

3

PETITION

1. Place of detention Corcoran State Prison

2. Name and location of court which imposed sentence Del norte Superior Court

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:

(a) (1) kidnap PC 207. (15 years) ? (2) Rape PC 261 8 years 8. Years ?

(b) (3) Sex offences PC. 288 PC Santance 667. PC

(c)

4. The date upon which sentence was imposed and the terms of the sentence:

(a) Sept. 6. 1995 total 50 years

(b)

(c) Reduced on Appeal to 46 years.

5. Check whether a finding of guilty was made:

(a) After a plea of guilty No

(b) After a plea of not guilty Yes

(c) After a plea of nolo contendere NO

6. If you were found guilty after a plea of not guilty, check whether that finding was made by :

(a) a jury Yes

(b) a judge without a jury NO

7. Did you appeal from the judgment of conviction or the imposition of sentence?

(✓) YES ( ) NO

8. If you did appeal, give the following information for each appeal:

a. (1) Name of court 1ST court of Appeal A071806 / A0 80566 1st Court of appeal

(2) Result Denied / Denied

(3) Date of result 1999 / 2000?

(4) Citation or number of opinion A071806 / A080566

[5]

Supporting FACTS (Tell you story BRIEFLY without citing cases or law).

10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications petitions or motions with respect to this conviction?

(✓) Yes ( ) No and if you deny I'll do it again [Till Each Judge Stands Trial for your Denials]

11. If your answer to Question No. 10 was yes, give the following information:

a. (1) Name of Court US District North [I'll imprison you you for Denials if Found Guilty of Denials.]

(2) Nature of proceeding Habeas. C-004221 MJJ.

(3) Grounds raised Ground (1) Jury Misconduct Judge Jenkins will Stand trial for Denial

Ground (2)

(4) Result Denied Judge Jenkins has Plead Guilty waiving Trial.

(5) Date of result Judge Jenks Awards Sentence for Denial.

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

US District North

b. (1) ~~Name of Court~~ Ground (2) Habeas Appeal C-004221 MJJ.

(2) Nature of proceeding 1. Sanity trial Appeal issue in (11) (A)

(3) Grounds raised Theft of attorney Client mail

case at a Sanity trial.

case of Cothanendeart attorney

(4) Result Client Mail at Guilt trial

(5) Date of result Aug 10, 2004

7

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

(1) ______

12. If you did not file a motion under Section 2255 of Title 27\8, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

Case Should be Dismissed. or New trial ordered.
Any Denial there of all Judges Doing will Stand trial for Denial of Rights. and will be imprisoned. For crimes as a Court finds You Guilty.
Evidentiary hearing Should be held.

13. Are you presently represented by counsel? (✓) Yes ( ~~No~~ (Yes)

If so, name, address and telephone number Del norte
Superior Court DNA Motion.

Case name and court Judge Denied DNA Motion.
Doning D.NA on marc

14. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information?

(✓) Yes ( ) No

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

(Chief Anarchist Judge. Peoples Court of USA)

[signature]
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on 4/15/08
(Date)

[signature]
Signature of Petitioner

Ground (1) [8]

When Judges Are threatened with Murder and Continuously lie. about Exhaustion To Present, Should all Rulings Receive a DeNovo Determination on the issue of 4th amendment illegal Search and Seizure by the State Stealing Strategy from attorney client mail Violating attorney Client Privilage 6th amendment making attorney ineffective at Pre Trial Trial and on Appeal. (By) prosecution infractions.
a Fundamental miscarriage of Justice to deny This issue (That) WAS Exhausted.

Facts

on Direct appeal intrusion was not Appealed Due to ineffective Councel. Attorneys Denham and Greenberg was Complained of to Court of Appeal who Denied Self Representation but instead allowed Supplemental Breifs. Delnorte Refused transcripts 91-104-C Ex [A] [18]

(A) in A071806 No Ruling on Supplemental Breifs. No way to know if the Court Ever Received Breifs. Transcripts Denied 91-104-C

(B) in A080566 No Ruling on Supplimental Breifs
prison Admits Stealing the Supplimental Breifs Exhibit [B] [19]

I threatened to murder Judges state and Federal, as well as 9th cir and US Supreame Court.
Judges Continue as If nothing was Ever Said.

Want to know what I Said... 1990 to 2004 I Sugest you Look. 28USC 144 Judge Jenkins Cowardly Sent USA Marshals to Cry...

Continuously Judge Neville; Denys Habeas proceedings Simply Lying. (Truthfully By his Count 36 Habeas Corpus.

I'll play that Game. and file 100 more... by then I'll be on the Streets. and... we'll all See who Can Make the fairest of Rulings. Chief Anarchist Judge... or... Dumb Ass Judge.

Neville admits I threatened him but he aint Scared Exhibit [C] line 25

Cowardly in 2008. The Compulsory process, Defeats the Cowards attempts to Cause a life Sentence. using a prison Disciplinary Process proving he Quakes in His Cowardice Boots.

Federal Judge(s) have Cowardly Quaked in fear behind the Skirts of United States Marshals who Come to Question what I Said Id Do to a Judge... who... Denied a Stay to Exhaust. Ex [d] [21] C-00 4221 MJJ. was Pending in Federal Court The entire Time That State Court Del norte 01-5030-5031 Judge Nevelle Denys Evidentiary ordered by a Diffent Judge See [E] march 8. 2004 see [22] [23] C-00 4221 MJJ. was Denied August 2004 [E] see [24] to [35]

Cowardiely. Nevelle Said I Exhausted in State Supreame Court S080597 on my issues. Prevented to be appealed on Direct appeal Due to Admitted mail intrusion. See [22]-[23] (FTO.1. 170.3 cp filed ignored) civil proceedure calif.

Cowardly Judge Jenkins C-00 4221 - MJJ... Claimed State Court was not Exhausted Despite over 100 Habeas Corpus in State Court [My] Aprox Count having been filed Sence 1990. 28USC 144 - watch This writ Judge Jenkins will also ignore Preempitory challenged. front Cover of This writ. and Motion; not# (2)

How was these Judges threated? what did I Say Id have these Judges family Do for me? upon my Release from prison financially.? UM... I AINT been Taking my Medication... UMMM... I Dunno what Did I Say Look is what I Said! 2004.? 2005.? in S161375 Denied March 3rd 2008 Timely I file this writ. under (28USC 2241) 28USC 2244 (does not apply) Barapind V Reno CA 9 cal (2000)

what were the threats? This Question answered in State Court and Cowardisly Judge Newelle who Claimed I Threatened him in The past Quaked in his Dipers and had CDC prison file a prison Disciplinary with Hopes of a criminal Charge Down Town. it was Dismissed and a Lawsuit will be filed. Regardless ineffective Councel at trial all alibis lost Due to intrusion identification.. Testmony all Stolen by prosecutors. in S06 1375 I requested a DeNovo look at Ground (2) and Evidentiary hearing. as its a Fundamental Miscarage of Justice

Ground (2)

The 4th and 6th amendment The post office mail box Rule. Should apply to Breifs Sent for filing Covering 91-104-C Theft in 1991 Threats to Judges and Those who Refused to provide Transcripts in 91-104-C; or Return of property when [They] Claim Secret Dismissal of terrorist threat Case, Secretly Dismissed to hide Evidence of mail intrusion in 91-027-C which was The Evidence in 91-021-C Taken beginning the intrusion that Continued past 99-100-X, which was an Exhibit in S080597 which Newelle Claimed was Exhausted. Dispite another Judge ordering 99-100-X Refiled in del norte 01-5030 -31, on the issue of Spacific Defenses Stolen by illegal Search and Seizure 4th amendent of attony Client privlaged mail 6th amendent. making attenys ineffective at trial and on Appeal. a Fundamental Miscarage of Justice

FACTS

(I) Exhausted in california Supreame Court at least 50 Supreame Court Calif Habeas Corpus. Timely. its a Miscarriage of Justice to Deny what was Raised in a first petition;

S161375 No Comment, in Bank

S 148022

| | | | |
|---|---|---|---|
| S070607 | S088566 | S090193 | S078901 |
| S106339 | S069377 | S0106339 | S08369 |
| S067475 | S082539 | S080597 | ~~S08~~ |
| S084965 | S088577 | S098557 | S125765 |
| S088145 | S083698 | S082539 | S125760 |
| S082539 | S154083 | S156944 | |
| S148022 | | | |

Here are 20 california Supreame Court writs

Any Judge Delaying Dening Justice, any president of the united States preventing Justice must Stand trial for The Deliberate and intentional Allowance of Rights Violation to acheive a Conviction. [Judges all agree Trials are a wonderful thing]. In C-004221 MJJ. I Raised all my issues in a first petition in Stewart V Martinez Villareal 523US 637 645 118 Sct 1618 140 Led 2d 849(1998)

while I too Raised Competence, the Stewart Case also Spoke of Second or Sucessive petitions which The Barapind V Reno 225 F3d 1100 CA 9 (Cal) 2000 also Quoted In That 28USC 2244 2254 Does not apply to 28USC 2241 petitions, I Dont have to ask any one to file under (2241)

I raised my issues and Judges who Simply lie Saying I Did not Exhaust when Even If that were true. Exhibit B 19 Faile V upJohn co 998 F2d 985 998 (9th cir 1993)

The mail Box Rule proves I filed. Timely.

Dispite cdc's Long history of Stealing attorney client mail

in 99-100-X S080597 an atteny Raised it in an Exhibit. when Exhibit [B] [19] was Shown cdc admitting Stealing my Breif opening the Mail Just on that Graund alone. a atteny client letter opened Violated the 4th amendent. by illegal Search of the 6th amendment right to Councel on appeal It Violated Dueprocess as Evitts V Lucy 469 US 387 (1985) Teaches. Strickland v washington 466 US at 668 at 690 (1984)

I was Denied Self Representation California V Faretta on appeal

prejudicially main v moulton (1985) 474 US 159. The atteny client privlage and Strategy Stolen weatherford V Bursey 429 US 545 - 558 (1977) By admission of a prosecutor Stealing Defense Strategy in 1998 by a Declaration pointed at CDC pelican Bay Security and investigations as Stealing atteny Client mail For Strategy at trial and on appeal.

in S080597 all the Exhibits Show The prejudice us v morrison (1981) 449 US 361 66 Led 2d 564

That is Graund for a Dismissal of all The Charges over and over. prosecutors who were proven to have Denied Discovery. by mail atteny client intrusions There was no opertunity in the State Court for a hearing. Stone V Powell (1976) 428 US 465

a Hearing was held that was not full. and was not Fair Stone V Powell in 91-027-C OCT. 1994 prosecutor Liddicote never Said he Stole the letter Exhibit, in S080597 TO attorney Fellrup Feldman with letter attached located in the prosecuters Trial file in 91-027-C found by an investigator pottroff. S080597 Exhibits. Supreame Court. he too Signed Declarations In 1994 Liddicote never Said One word about the fact he knew where to go to Suppress the Brady matterial Brady V Maryland 373 US 83 (1963)

a letter with Evidence of a Drug Task force photo. proving I didnt fit the identification Suddenly Disappears.

Stone V Powell the hearing was not full and was not Fair. because prosecutor Refused to Turn over what he done I exhausted. the State Says I Exhausted Even before Federal Bias Judge Said I Did not Aug. 10. 2004 155 days Before I told Judge Jenkins in C-004221 MJJ. reQuesting a Stay to Exhaust he Denied it. 99-100-? [d] [21] in California pending while Federal Court was pending 155 Days before Judge Jenkins in Federal Court Ruled I informed the Court of State Court Saying I Exhausted So in Retailiation and absolute lie Federal Judge Jenkins Said I Did not Exhaust. C-004221 MJJ. [E] page [24] [36] I Exhausted in De novo. of Judges Rulings

will be proven

(1) I Did Exhaust.

(2) ad Due to Bias of Judges. writ Should be allowed to be issued order to Show Cause.

ad Evidentiary hearing be ordered.

There was newly Discovered Evidence.

(A) Debra anzalone after trial at a Sanity trial admitted I was accused of Rape Due to a Stolen Auto. (1997) OCT. 153. RT Sanity trial (1997) Signed Declaration.s There was no objection to This new Evidence. it was Exhausted mail Box Rule. on Appeal [B] [19]

(B) on Discovery of the Fore mentioned letter in the D.A's file. to attorney Feldman the Jury Didn't get to know it was stolen. ad prosecuters had pre - knowledge. (1998) discovery mail Box Rule on Appeal [B] [19]

(C) in 1998 pretrial Hoxeng letters," attorney Caine wanted Petitioner not to Re-write the Hoxeng letters he would Read them all. five? were located in prosecuter file It would take Till (1997) to get the (A) Evidence. as a Result only (6) of 16 alibis were Called. At trial attorney Caine Said all this is new To me I had 86 witness. It's newly Discovered in 1998 when The D.A file uncovered 18 Defense letters to include Appeal letters that made Appeal attorneys ineffective see [B] mail Box Rule.

(d) prejudicially anzalone Died the Jury didn't get to It was Exculpatory Evidence Denied the Jury didn't get to Know.

(E) prejudicially also D.N.A was not available on atteny client mail mailed to atterneys. by Court order I was ordered to Consider a plea. or plead Guilty Due to my wifes Tape marked "Supprize" Given the Day of trial. I wrote Defense atteny Caine, ad pottroff - investigator pretrial, a Day before trial. my letter was made into private mail; to my wife. mailed to her.

I Do not Lick those letters. It was Stolen from atteny Caines Confidential mail ad made into non legal mail

The DNA Could Reveil prosecuter liddicoate or Lynn Divine D.A investigater or Judy Glover who licked the Enelope or their finger prints on incriminative parts of the letter.

(F) in the D.A file - in 1998 Evidence Dept of Justice Suppressed Evidence that a Hair was Dissimular hiding the Report from the Defence. Dissimular to Victem [G] [36] in a virgin vagina Dissimular to the Defendant.

Dept of Justice Refused to provide Evidence of how they Came to that Conclusion. (new Evidence 2008)

and in 1995 lied to the Jury instead that it was inconclusive

on investigation of mail intrusion in 1998 all this Evidence was new.

I Exhausted it in my [Strategy] direct appeal Breifs That was Stolen. did I Exhaust per the mail Box Rule?

(E) prejudicially also D.N.A was not available on attny client mail mailed to attnys. by Court order I was ordered to Consider a plea. or plead Guilty Due to my wifes Tape marked "Supprize" Given the Day of trial. I wrote Defense attny Caine, ad pottroff - investigator pretrial, a Day before trial. my letter was made into private mail; to my wife. mailed to her. I Do not Lick those letters. It was Stolen from attny Caines Confidential mail ad made into non legal mail The D.N.A Could Reveil prosecuter liddicote or Lynn Divine D.A investigater or Judy Glover who licked the Evelope or their finger prints on incriminative parts of the letter.

(F) in the D.A file - in 1998 Evidence Dept of Justice Suppressed Evidence that a Hair was Dissimular hiding the Report from the Defence. Dissimular to Victem [G] [36] in a virgin Vagina Dissimular to the Defendant. Dept of Justice Refused to provide Evidence of how they Came to that Conclusion. (new Evidence 2008) and in 1995 lied to the Jury instead that it was inconclusive on investigation of mail intrusion in 1998 all this Evidence was new.

I Exhausted it in my [Strategy] direct appeal Breifs That was Stolen. did I Exhaust per the mail Box Rule?

Because 28usc 2244(b) makes no Refference to Habeas petitions filed under 28usc 2241 But Rather oney applys to petitons filed persuant to 28usc 2254. The prior - Appeallate Review provisions of 28usc 2244(b) do not Apply to Habeas petitons filed under 2241. See id Citing Felker 518us at 662-663 116Sct 2333

also Because the first petition being Dismissed or Denied for failure to Exhaust State Remedies. Several Cases Show This Does not Cause instant petition to be an abuse of writ or to be a Second or Sucessive habeas.

Slack V. McDaniel 529us 473. 478 120 Sct 1595 1601 146 led 2d 542 551 (2000) a Habeas petition which is filed after an initial petition was Dismissed without adjudication on the Merits for failure to Exhaust State Remedies is not a Second or Sucessive petition as that term is understood in the Habeas Context.

Carlson V. pitcher 137 F3d 416 420 (6th cir 1998)
Camarano V irvin 98 F3d 44, 46, (2nd cir 1996)

per curiam application of the Gate Keeping provisions to Deny a Resubmitted petition in

Cases Such as this would Effectively preclude any Federal Habeas Review and thus would Conflict with the Doctrine of writ Abuse as understood before and... after Felker To Forever Foreclose Farther Habeas Review in Such Cases would NOT ~~Bar~~ curb Abuses of the writ (but) would Bar Federal Habeas Review all togther.

Lastly Stewart V. Martinez Villareal 523 US 637 118 S. ct 1618 140 Led 2d 849 (1998) Petition for Releif for Federal Habeas Corpus Releif in 1997 was not Subject to (AEDPA) Restrictions on Sucessive petitions even though it was the Second Time petitioner asked for Releif on a Claim That he was incompetent to be Executed the District Court did not Consider the Claim in his first Petition petitioner is entitled to an adjudication Of all The Claims presented in his Original Application for Habeas Releif.

Here Original writ The Gate Keeping provisions of AEDPA ReQuiring permission to file a Second Petition Do not apply to petitions filed under Diffent Habeas Statutes 28USC A 2241. 2244(b).

Remedy Evidentiary hearing after order to Show Cause Dismissal of conviction

A 18

# Superi. . and Municipal C. ..

Robert W. Weir
*Presiding Judge*
*Superior Court*
(707) 464-7217

STATE OF CALIFORNIA
COUNTY OF DEL NORTE
450 H Street
Crescent City, California 95531

Philip Schafer
*Presiding Judge*
*Municipal Court*
(707) 464-7249

September 5, 1996
District Attorney
450 H Street
Crescent City, California 95531

compare page 8

RE: Jeffrey Harnden, Case No. 91-104-C.

The enclosed motion denying request for transcripts in this case summarizes the history. This case is still an open file. The 8715 indicates the case was dismissed, but no minutes in the file support that. Should something further be done to bring this to closure.

Cover up

Philip Schafer,
Judge of the Municipal Court

Encl.
PS/lph

Needed for
91-027-C

Direct Appeals
(1) A071806
(2) A080566



EXHIBIT B EXHIBIT B page 19

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOR THE

FIRST APPELLATE DISTRICT

DIVISION FOUR

FILED
Court of Appeal - First App. Dist.
FEB - 5 1998
RON D. BARROW, CLERK
By ________ DEPUTY

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff and Respondent,

vs.

JEFFREY S. HARNDEN,

Defendant and Appellant.

A080566

RECEIVED
FEB 06 1998
FIRST DISTRICT APPELLATE PROJECT

Del Norte County

Super. Ct. No. 91027C

RECEIVED
FEB 06 1998
FIRST DISTRICT APPELLATE PROJECT

BY THE COURT:

Appellant's requests (1) to represent himself in his appeal, and (2) for appointment of advisory counsel, are denied. The First District Appellate Project is requested to select an appropriate attorney to represent appellant and to forward a request for appointment to this court. Upon appointment, the attorney is directed to prepare an additional copy of the record for appellant and to forward it to him. Within 30 days after counsel serves appellant with Appellant's Opening Brief appellant may file a suppemental brief in this court.

Date

END OF ENTRY MURRAY, W.E. C/O EXHIBIT C

PBSP PRISON

CDC

JUNE, 18, 1998

1315 Harnden held his food port hostage till the copy officer Tweed would mail out two manila envelopes postmarked to his attorney Mr Mark Greenburg, with the term "Litigation Services" written above the address. This is a violation of O.P. 205 which Harnden is aware of. Officer Tweed took the two envelopes per the Facility Lt's order. This paper work will be held in the Law Library because all of it, are copies made in law library at state expense. In one of the manila envelopes I opened was a letter which Harnden stated to Mr Greenburg "There are about 3 copies of my version of the supplemental opening Brief attached here in when ever. It is your mail yours maybe you can send mine then also"

NOTE; This event lead to Harnden being extracted from his cell

24




HONORABLE KELLY V. SIMMONS
SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF MARIN
3501 Civic Center Drive
San Rafael, CA 94903

Filed
Dept #1
SEP 27 2007
Superior Court of California
County of Del Norte

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF DEL NORTE

In re
JEFF HARNDEN
CDC NO.: H-31120

Petitioner,

Case No.: HCPB 07-5139

RULING ON C.C.P 170.3/170.1 CHALLENGE

On September 10, 2007 Petitioner filed a "Peremptory challenge" against Judge Harold Neville Jr. pursuant to Code of Civil Procedure 170.3 (This court reads the challenge as a challenge for cause pursuant to Code of Civil Procedure 170.1 and 170.3).

Petitioner claims that Judge Neville should be disqualified from presiding over Petitioner's case(s) because a) Petitioner has "threatened Neville for years," and b) Judge Neville has denied Petitioner's previous motions.

As to the first of Petitioner's allegations, Judge Neville has acknowledged that Petitioner has threatened him in prior proceedings. However Judge Neville states that he is not in fear of Petitioner.

  

HONORABLE KELLY V. SIMMONS
SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF MARIN
3501 Civic Center Drive
San Rafael, CA 94903

Filed
Dept #1
SEP 27 2007
Superior Court of California
County of Del Norte

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF DEL NORTE

In re
JEFF HARNDEN
CDC NO.: H-31120

Petitioner,

Case No.: HCPB 07-5139

RULING ON C.C.P 170.3/170.1 CHALLENGE

On September 10, 2007 Petitioner filed a "Peremptory challenge" against Judge Harold Neville Jr. pursuant to Code of Civil Procedure 170.3 (This court reads the challenge as a challenge for cause pursuant to Code of Civil Procedure 170.1 and 170.3).

Petitioner claims that Judge Neville should be disqualified from presiding over Petitioner's case(s) because a) Petitioner has "threatened Neville for years," and b) Judge Neville has denied Petitioner's previous motions.

As to the first of Petitioner's allegations, Judge Neville has acknowledged that Petitioner has threatened him in prior proceedings. However Judge Neville states that he is not in fear of Petitioner.

GLAZA
Respondent

[term 08/09/02]

TERHUNE
Respondent
[term 08/09/02]

JAMES ROWLAND, Director
Respondent

Morris Beatus, Deputy Atty Gen
[COR LD NTC]
CA State Attorney General's Office
455 Golden Gate Ave
Suite 11000
San Francisco, CA 94102-7004
415-703-5853

# DOCKET PROCEEDINGS

| DATE | # | DOCKET ENTRY |
|---|---|---|
| 11/14/00 | 1 | PETITION FOR WRIT OF HABEAS CORPUS (no process) Fee status ifpp entered on 11/14/00 [3:00-cv-04221] (slh) [Entry date 11/16/00] |
| 1/25/01 | 3 | CLERK'S NOTICE re: completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. [3:00-cv-04221] (slh) [Entry date 02/21/01] |
| 2/8/01 | 2 | AMENDED PETITION FOR WRIT OF HABEAS CORPUS [3:00-cv-04221] (slh) [Entry date 02/13/01] |
| 2/16/01 | 4 | IN FORMA PAUPERIS AFFIDAVIT by Petitioner for leave to proceed in forma pauperis [3:00-cv-04221] (slh) [Entry date 02/21/01] |
| 2/20/01 | 5 | Letter by Petitioner re: discovery [3:00-cv-04221] (slh) [Entry date 02/21/01] |
| 2/20/01 | -- | FILING FEE: fee pd on 2/20/01 in the amount of $ 5.00, receipt # 3319391. [3:00-cv-04221] (slh) [Entry date 02/22/01] |
| 3/7/01 | 6 | REQUEST by Petitioner to stay petition for habeas corpus. [3:00-cv-04221] (slh) [Entry date 03/09/01] |
| 6/25/01 | 7 | JUDICIAL NOTICE by Petitioner [3:00-cv-04221] (tn) [Entry date 07/02/01] |



Exhibit

DEL NORTE SUPERIOR COURT
COUNTY OF DEL NORTE

DATE: 03/08/04 JUDGE: Harold Neville CLERK: Jamie McCubbin
BAILIFF: Mike Shine REPORTER: K. McClendon

---

Jeffery Scott Harnden
Plaintiff

Action No: HCPB-01-5030
HCPB-01-5031

Pelican Bay State Prison
Defendant

Amended 3/22/04

---

ACTION TAKEN: 5 Day Evidentiary Hearing

Parties Present:
Jeffery Harnden, Plaintiff
Michael Skudstad, Attorney for the Plaintiff
Pamela Hooley, Deputy Attorney General for Defendant.
Sgt. Ken Thomas, Court Liaison
James Fallman, Deputy District Attorney

Court convened at 9:05am with all parties present.

James Fallman, on behalf of the district attorney's office, requests permission from the court to appear. Permission granted with no objections.

Ms. Hooley presented documents to the court regarding the fact that this matter has already been before the court and the appellate court and denied. Copies of documents provided to Mr. Skudstad. Ms. Hooley gave an overview to the court of what these documents would show. Specific paragraphs on both appeal and other habeas corpus file given to the parties by Ms. Hooley

Court recessed at 9:10am until 10:00am to allow Mr. Skudstad to review these documents with his client.

Court re-convened at 9:55am with all parties present.

Mr. Skudstad states that he has done a cursory review of these documents.

Ms. Hooley was requested by the court to continue with the overview of the documents. Ms. Hooley states that these facts are identical to the issues being raised today. Respondent's exhibit A-E marked at 10:05am.



Exhibit E Page 23

Mr. Skudstad states that the issues before the court are distinct and separate issues.

Ms. Hooley notes that there are no new or different showings. She states that this matter is also late as they have previously objected.

The court noted that the petitions file in the appellate court and the supreme court, previously denied, raise the same 4th and 6th amendment issues that are before the court today. The Court states, that it has no business holding an evidentiary hearing on these issues.

The Petitions for Habeas Corpus are dismissed by Order of the Court. The Plaintiff is remanded to the custody of the Department of Corrections.

Mr. Skudstad requests more time to review these documents to show that the petitions are different. The request was denied by the court.

Mr. Skudstad is relieved as counsel for the Petitioner.

COPIES TO:
Pamela Hooley, Deputy Attorney General
Michael Skudstad, Attorney at Law
District Attorney

F 24

EXHIBIT J

FILED

AUG 1 0 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY HARNDEN,

Petitioner,

v.

JAMES ROWLAND, Warden,

Respondent.

_____________________________________/

No. C 00-4221 MJJ

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPOUS**

United States District Court
For the Northern District of California

**INTRODUCTION**

Petitioner, a California prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting five claims ranging from ineffective assistance of counsel to violations of the Sixth Amendment rights to a fair trial and counsel. Upon consideration of the briefing, the Court denies habeas relief.

**FACTUAL BACKGROUND**

Petitioner is currently serving a 46-year prison term for kidnapping a child, rape, lewd acts upon a child, and forcible oral copulation. *See* Cal. Penal Code §§ 207(a), 261(2), and 288(a). All convictions stem from a series of acts involving 12-year-old C.R. and occurring on October 8, 1990. Answer to Petition for Writ of Habeas Corpus ("Answer"), Ex. G at 1. Petitioner was originally tried and convicted in 1992, but that judgment was reversed on the issue of juror misconduct. Answer at

F 15

2. He was then retried and convicted in 1995. *Id.* at 1-2. At Petitioner's second guilt trial,

> [t]he prosecution case was largely based on the testimony of C.R. and several other percipient witnesses. The prosecution also presented some forensic evidence and evidence that appellant had attempted to bribe witnesses or intimidate them into offering testimony favorable to him.

*Id.* at 2. "The defense case was built around developing inconsistencies in C.R.'s account of the events of October 8 and providing an alibi for [Petitioner]." *Id.* at 5.

The state court of appeal affirmed the 1995 conviction but remanded the case for a determination on the issue of vindictive prosecution for amending the pleadings to charge forcible lewd acts. *Id.* at 15-16. On remand, the prosecution conceded the vindictive prosecution claim. Answer, Ex. N at 2. Defense counsel then argued that Petitioner was not competent to be sentenced, and a jury trial was held pursuant to California Penal Code section 1368 to determine competency on September 30 and October 1, 1997. Answer, Ex. I at 114; Ex. J. The jury found Petitioner competent. Answer, Ex. I at 164-65, 169.

Petitioner was subsequently sentenced for the convictions obtained in the 1995 guilt trial. The state court of appeal affirmed the judgment with sentence modification, and denied habeas relief. Answer, Exs. N, O. The state supreme court denied review on July 21, 1999. Answer, Ex. Q. The state supreme court also rejected Petitioner's habeas corpus application on November 23, 1999. Answer, Ex. R. The petition now before the Court was filed on August 9, 2002.

**LEGAL STANDARD**

This Court may entertain a petition for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the Unites States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court may not grant a petition challenging a state conviction sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d);

United States District Court
For the Northern District of California

F 26 (42)

*Williams v. Taylor*, 529 U.S. 362, 412 (2000). Habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### I. Venue Change

In his first claim for habeas relief, Petitioner asserts that the "failure by the state court to change venue for [P]etitioner's trial violated his right to a[n] impartial jury as guaranteed by the United States Constitution." Petition for Writ of Habeas Corpus ("Petition") at 3. Respondent contends that Petitioner's claim is barred by procedural default.

Petitioner initially moved to change venue on August 12, 1994, prior to jury selection. Answer, Ex. A at 217-55. The trial court held a hearing and then denied the motion "without prejudice to renew the motion during jury selection." *Id.* at 307. However, Petitioner did not renew the motion at anytime thereafter. Answer, Ex. B at 1235, 1317. On appeal, the court rejected this claim, ruling that "failure to renew the motion at the end of jury selection constitutes a waiver of any claim of error." Answer, Ex. G at 6; *see also People v. Hoover*, 187 Cal. App. 3d 1074, 1085 (1st Dist. 1986) ("[t]he failure to renew a temporarily denied motion for a change of venue is an abandonment and waiver of the whole question, and fatal to any claim based upon the original application."). This practice of equating failure to renew a motion with waiver of that claim is firmly established and regularly followed under state law. *See, e.g., People v. McGhee*, 193 Cal. App. 3d 1333, 1346 (1st Dist. 1987) (applying *Hoover*); *People v. Howard*, 1 Cal. 4th 1132, 1166 (1992). Petitioner does not deny that he failed to comply with California's procedural requirement that he renew his motion for change of venue post jury selection, nor does he contest the consistency with which this procedural rule has been followed by California courts.

A state prisoner, denied relief by the state courts on independent grounds of procedural default under state law, may not litigate that claim in federal habeas proceedings unless he can show cause for, and actual prejudice from, the default or demonstrate that failure to consider the federal

United States District Court
For the Northern District of California

F 27

*Williams v. Taylor*, 529 U.S. 362, 412 (2000). Habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### I. Venue Change

In his first claim for habeas relief, Petitioner asserts that the "failure by the state court to change venue for [P]etitioner's trial violated his right to a[n] impartial jury as guaranteed by the United States Constitution." Petition for Writ of Habeas Corpus ("Petition") at 3. Respondent contends that Petitioner's claim is barred by procedural default.

Petitioner initially moved to change venue on August 12, 1994, prior to jury selection. Answer, Ex. A at 217-55. The trial court held a hearing and then denied the motion "without prejudice to renew the motion during jury selection." *Id.* at 307. However, Petitioner did not renew the motion at anytime thereafter. Answer, Ex. B at 1235, 1317. On appeal, the court rejected this claim, ruling that "failure to renew the motion at the end of jury selection constitutes a waiver of any claim of error." Answer, Ex. G at 6; *see also People v. Hoover*, 187 Cal. App. 3d 1074, 1085 (1st Dist. 1986) ("[t]he failure to renew a temporarily denied motion for a change of venue is an abandonment and waiver of the whole question, and fatal to any claim based upon the original application."). This practice of equating failure to renew a motion with waiver of that claim is firmly established and regularly followed under state law. *See, e.g.*, *People v. McGhee*, 193 Cal. App. 3d 1333, 1346 (1st Dist. 1987) (applying *Hoover*); *People v. Howard*, 1 Cal. 4th 1132, 1166 (1992). Petitioner does not deny that he failed to comply with California's procedural requirement that he renew his motion for change of venue post jury selection, nor does he contest the consistency with which this procedural rule has been followed by California courts.

A state prisoner, denied relief by the state courts on independent grounds of procedural default under state law, may not litigate that claim in federal habeas proceedings unless he can show cause for, and actual prejudice from, the default or demonstrate that failure to consider the federal

United States District Court
For the Northern District of California

000003

E 28

United States District Court
For the Northern District of California

claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Engle v. Isaac*, 456 U.S. 107, 124-29, 135 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, as Petitioner correctly notes, federal courts should not defer to the state procedural barrier unless the procedure is independent of the federal question and adequate to support the judgment. Traverse at 5[1]; *Hoffman v. Arave*, 236 F.3d 523, 530-31 (9th Cir. 2001) "If a state procedural rule frustrates the exercise of a federal right, that rule is 'inadequate' to preclude federal courts from reviewing the merits of the federal claim." *Hoffman* at 531. The test for whether a state procedural rule is inadequate is "whether the defendant has had a reasonable opportunity to have the issue as to the claimed right heard and determined by the State court." *Id.* (quotations omitted).

The state law requiring that a motion to change venue be renewed after jury selection or be waived is adequate because it does not frustrate the defendant's ability to exercise his right to an impartial jury. Petitioner had every opportunity to raise such a motion after jury selection, but failed to do so. Both the Ninth Circuit and the United States Supreme Court have held that the inability to later challenge the makeup of a jury because of a state procedural default is not an insuperable barrier to the party whose rights have allegedly been deprived. *See Michel v. Louisiana*, 350 U.S. 91, 93 (1955) (it is not unreasonable to require one to object to the composition of a grand jury within as little as three days); *Vansickel v. White*, 166 F.3d 953 (9th Cir. 1999) (by failing to timely object to the denial of his statutory allotment of 20 peremptory challenges, the defendant procedurally defaulted the federal constitutional claim raised in his habeas petition). Petitioner's citations to *Harris v. Reed*, 489 U.S. 255 (1989) and *Hoffman* are not persuasive. Both cases involved barriers to defendants later raising claims of ineffective assistance of counsel. Requiring a defendant to raise an ineffective assistance claim on direct appeal or within weeks of a conviction, during which time he may have continued to only have the assistance of his trial counsel, clearly

---

[1] Alternatively, Petitioner claims that the trial court's denial of his original motion rather than deferring judgment until the voir dire process "evinces a substantive error on the part of the trial court." Petitioner cites *Bashor v. Risley*, 730 F.2d 1228 (9th Cir. 1984), to support this proposition. The *Bashor* court noted that "prior to the voir dire examination, a trial judge can only speculate about the reasonable likelihood that prejudicial publicity and incidents reflecting bias against a defendant will deny him a fair trial." *Id.* at 1235. However, *Bashor* does not hold, as a general rule, that determination of a motion for change of venue prior to voir dire is error per se. As such, *Bashor* does not support Petitioner's claim here.

F 29

infringes on a defendant's constitutional rights. The situation at bar is much more analogous to that of *Michel* and *Vansickel*, and therefore Petitioner's venue claim is procedurally defaulted.[2]

However, this Court may still review the merits of the defaulted claim if "the habeas prisoner can demonstrate 'cause for the default and actual prejudice as a result of the alleged violation of federal law.'" *Vansickel*, 166 F.3d at 958, quoting *Coleman*, 501 U.S. at 750. But Petitioner makes no showing of any cause for his failure to renew the objection. Nothing on the face of the record suggests that the trial court impeded counsel's efforts in this regard. Petitioner has also not raised any claim of ineffective assistance of counsel relating to this failure. *See Murray v. Carrier*, 477 U.S. 478, 492 (1986) ("attorney error short of ineffective assistance of counsel does not constitute cause"). Accordingly, this Court is barred from reviewing Petitioner's venue claim due to procedural default.

**II. Juror Misconduct**

The Sixth Amendment guarantees to the criminally accused a fair trial by a panel of impartial jurors. U.S. Const. amend. VI; *see Irvin v. Dowd*, 366 U.S. 717, 722 (1961). "Even if only one juror is unduly biased or prejudiced, the defendant is denied his constitutional right to an impartial jury." *Tinsley v. Borg*, 895 F.2d 520, 523-24 (9th Cir. 1990) (internal quotations omitted). However, the Constitution "does not require a new trial every time a juror has been placed in a potentially compromising situation." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). The safeguards of juror impartiality, such as voir dire and protective instructions from the trial judge, are not infallible; it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote. *Smith*, 455 U.S. at 217. Due process only means a jury capable and willing to decide the case solely on the evidence before it and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen. *Id.*

Petitioner argues that jury misconduct in this case violated his right to a fair trial as guaranteed by the Sixth Amendment. In so doing, he relies exclusively on comments allegedly made

---

[2] Petitioner's argument that the trial court's notice of the objection precludes procedural default fails because the record does not provide any reason to believe that renewing the objection would have been futile. *See Osborne v. Ohio*, 495 U.S. 103, 124 (1990) (federal claim not barred where "nothing would be gained by requiring Osborne's lawyer to object a second time").

United States District Court
For the Northern District of California

F 30

United States District Court
For the Northern District of California

by one of the originally paneled jurors, Mr. Stewart. The sole source of information for these comments in the record is Petitioner's counsel, who obtained the information from an anonymous couple who claimed to have discussed the trial with Stewart. According to Petitioner's counsel, Stewart said that he knew Harnden had been guilty in his first trial and that he knew Harnden was guilty in the current trial. Answer, Ex. B at 2009. Counsel went on to indicate that the couple

> made some statements that all the other jurors know that, too, or know he's guilty or most of the other jurors know he's guilty. I don't know how that happened. I don't know – this particular individual did not say that he had been talking to the other jurors, but he – I believe he made – she made the statement that the other jurors all knew that he was guilty, too.

*Id.* at 2010. The court subsequently met with Stewart in camera and he was then excused by stipulation of the parties. Answer, Ex. G at 7. The court admonished the jurors that they should not discuss the case among themselves or make up their minds until the case was submitted to them for decision. *Id.*

Petitioner argues that the trial court committed reversible error by failing to inquire individually into the possible effects of these allegations with every other juror. Although the comments attributable to Stewart were obtained from an anonymous third party, these statements may have been sufficient to establish a colorable claim of taint had Stewart remained on the jury. *See, e.g., Green v. White*, 232 F.3d 671, 677 (9th Cir. 2000) ("bias should be presumed where a juror's actions create 'destructive uncertainties' about the indifference of a juror"). However, the trial court acted upon this allegation and investigated the asserted impropriety. Stewart was subsequently removed from the jury prior to deliberation. Therefore, any bias Stewart may have held is not directly at issue in this habeas petition.

Rather, Petitioner's claim necessarily stems from the bias of the remaining jurors. On this point, we have only Petitioner's counsel's statements about what he remembered from a conversation with an anonymous couple about their conversation with Stewart in which Stewart allegedly stated that the other jurors knew the defendant was guilty too. Moreover, Petitioner's counsel admitted that Stewart did not even say that he had been talking to the other jurors. This attenuated string of hearsay within hearsay is far too speculative of a showing to "overcome the presumption of jury impartiality." *See United States v. Barshov*, 733 F.2d 842, 851 (11th Cir. 1984).

F 31

United States District Court
For the Northern District of California

The trial court interviewed and, upon stipulation by both parties, released Stewart from service. The court further admonished the jury not to discuss the case or make up their minds until the case was submitted. Based on the circumstances, the trial court was under no further obligation to pursue the investigation with each remaining juror individually. Furthermore, a trial court has considerable discretion in determining whether to conduct a hearing regarding jury misconduct, and in defining the extent and nature of its inquiry. *See United States v. Hendrix*, 549 F.2d 1225, 1227-28 (9th Cir. 1977). Petitioner has failed to establish that the state court's rejection of his request to examine the panel further was contrary to established United States Supreme Court case law or an unreasonable application of that law.

A federal evidentiary hearing is mandatory only if "(1) petitioner's allegations, if proven, would establish the right to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Jeffries v. Blodgett*, 5 F.3d 1180, 1187 (9th Cir. 1992) (overruled on other grounds). Petitioner relies primarily on *Fields v. Woolford*, 281 F.3d 963 (9th Cir. 2002), for his request for an evidentiary hearing. However, on this record it appears that there was no improper information communicated to other jurors, and the standard for an evidentiary hearing is not met. As such, Petitioner's claim of juror misconduct is denied.

**III. Ineffective Assistance of Counsel: Failure to Request Competency Hearing**

In his third claim, Plaintiff argues that Ray Caine, his counsel during the second guilt trial, provided ineffective assistance by failing to request a competency hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's alleged failing was "outside the wide range of professionally competent assistance," and (2) that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* "The petitioner bears the 'highly demanding' and 'heavy burden' in establishing actual prejudice." *Taylor*, 529 U.S. at 394. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *See Strickland,* 466 U.S. 668 at 697; *Williams*

[32 A] [30]

*v. Calderon*, 52 F.3d 1465, 1470 & n. 3 (9th Cir. 1995).

Petitioner argues that Caine provided deficient representation because he had his own suspicions about Petitioner's competency but never brought this to the court's attention. Nevertheless, Petitioner did receive a competency hearing under California Penal Code Section 1368 prior to sentencing, and he was found competent at that hearing. Although retrospective competency hearings are disfavored, they are permissible whenever a court can conduct a meaningful hearing to evaluate retrospectively the competence of the defendant. *See Moran v. Godinez*, 57 F.3d 690, 696 (9th Cir. 1994). State court competency determinations are entitled to a presumption of correctness. *See Brewer v. Lewis*, 989 F.2d 1021, 1027 (9th Cir. 1993). A federal court may overturn a state court competency finding only if it is not fairly supported by the record. *See id.*

The evidence presented at Petitioner's competency trial included testimony from Dr. Hugh Gardner, a psychiatrist, and Dr. Otto Vanoni, a forensic and clinical psychologist. Both doctors had interviewed Petitioner earlier that same year. Dr. Gardner concluded that Petitioner was sane, intelligent, skillfully manipulative, and "pretty good" at feigning mental illness. Answer, Ex. J at 124, 127-28. Dr. Vanoni agreed that Petitioner was capable of understanding the nature and purpose of the proceedings, comprehended his own status in relation to the proceedings, and was able to participate. *Id.* at 130-32. Dr. Vanoni further testified that he believed Petitioner was falsifying and exaggerating his symptoms. *Id.* at 146-47.[3] In addition to expert testimony, the prosecution also admitted a letter written by Petitioner to an investigator for his attorney in which he appeared to admit his plan to feign incompetency.[4]

The record supports a finding that Petitioner was competent in both 1995 and 1997. In fact, Petitioner does not argue that he was any less competent in 1995 than he was proved to be in 1997 in the section 1368 proceeding. Rather, he contends that illegally obtained evidence was utilized in the 1997 proceedings and that the jury judging competency in 1997 was made aware that the 1995

---

[3] However, Dr. Vanoni did believe that at the time of the evaluation, Petitioner was cognitively unable to cooperate sufficiently with his attorney to satisfy the relevant prong of the competency test. *Id.* at 140.

[4] The contents of this letter are discussed in more depth in the analysis of Petitioner's fourth claim. As discussed below, the letter was properly admitted into evidence.

United States District Court
For the Northern District of California

000008

criminal trial proceeded without the issue of competency being raised then. As discussed below, there was no constitutional error in admitting the evidence to which Petitioner refers.

The jury's alleged knowledge about the issue not previously being raised, standing alone, does not undermine confidence in the outcome of the proceedings. Even assuming Caine should have sought a competency hearing in 1995, there is no prejudice because Petitioner has failed to prove that a competency hearing in 1995 would have produced a different result. Since the record fairly supports the 1997 competency findings, this Court need not further investigate Petitioner's competency through an evidentiary hearing as requested in the Petition.[5]

**IV. Ineffective Assistance of Counsel: Failure to Attempt to Suppress Letter**

Petitioner argues that another attorney, Scott Hoxeng, provided ineffective assistance at the section 1368 competency hearing by failing to move for suppression of a letter allegedly obtained in violation of Petitioner's Fourth and Sixth Amendment rights. The letter, allegedly written by Petitioner, states in pertinent part:

> I'm not beyond l[y]ing to get a new trial. Beg borrow or dance with the devil even lie about guilt to minimize what I'd have to do behind the sce[n]es. [Y]ou are the gods out front. I behind closed doors. I don't know what I should do. Admit guilt for a lesser amount of time[;] lie about attorneys? God knows I hurt want to die. Can't man . . . .
>
> I created a quick story of incompetence. Route to a state hospital. I'd do anything. I guess Ray Caine will be see[i]ng my work soon. I filed a motion listing what I think should be new trial stuff and sounds like incompetence mental sounds best. I'd do anything God knows I should have took their 16 year deal.

Answer, Ex. J at 173-74. Petitioner sent the letter to defense investigator Nick Pottorff while he was incarcerated at Pelican Bay State Prison, marking it as "confidential legal mail." Answer, Ex. R. Relying on Pottorff's amended declaration, Petitioner argues that the prosecution obtained the letter illegally from prison authorities. Pottorff bases his assessment on Prosecutor Liddicote's inconsistent statements about the source of the letter as well as what Pottorff initially thought was a 41-day lag from when Petitioner first mailed the letter to when Pottorff actually received it, although

[5] Petitioner's references to *Godinez v. Moran*, 509 U.S. 389 (1993), and *Tillery v. Eyman*, 492 F.2d 1056 (9th Cir. 1974), provide no support for his position because in these cases there was no underlying hearing on competency. Petitioner not only received such a hearing but was found competent at that hearing.

United States District Court
For the Northern District of California

STUPID Judge Jenkins ignored prosecutor's Admission See [38] Line 1 to 5

F 32

Pottorff has since changed his statement on the time lag.[6] Answer, Ex. R.

**A. Failure to Assert Attorney-Client Privilege under 6th Amendment**

Petitioner claims that his counsel was ineffective because admission of the letter violated his Sixth Amendment right to counsel since the prosecution knowingly arranged or permitted intrusion into the attorney-client relationship. *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977). Failure to assert attorney-client privilege is not viable here when the record reflects that the district attorney likely received the letter directly from Petitioner. Petitioner's own appellate counsel noted that Petitioner had previously sent confidential attorney-client communications to prosecutors. Answer at 16. Petitioner also questioned whether he even wrote the letter, alleging at one point that it was fabricated, so his attorney was not even in a position to assert privilege given this factual scenario. His counsel did object to the letter at the competency hearing on the grounds it was not authentic, but Potorff testified he thought it was. *Id.*

Added to my Letter

Additionally, the Sixth Amendment cannot be used to exclude evidence pertaining to illegal efforts to thwart a forthcoming prosecution. *United States v. Terzano-Madruga*, 897 F.2d 1099, 1112 (9th Cir. 1990); *see also United States v. Martine*, 278 F.3d 988, 1001 (9th Cir. 2002) (communication to lawyer for purpose of furthering a crime or fraud bars attorney-client privilege protection). Petitioner's letter, which falls squarely within this category, is not afforded a "cloak of immunity" under the Sixth Amendment. *Terzano-Madruga*, 897 F.2d at 1112. Accordingly, Hoxeng's decision not to seek suppression of the letter did not fall "outside the wide range of professionally competent assistance." *See Strickland*, 466 U.S. at 690.

**B. Failure to Seek Suppression of Letter under 4th Amendment**

Petitioner also asserts that Hoxeng provided ineffective assistance by failing to move for

[6] Pottorff based this time lag on the fact that the envelope used to mail the letter, in addition to containing a March 8, 1995, postmark, also contained a January 25, 1995, metered mail stamp on the back showing "00" postage. The letter was received by Pottorff on March 9. The declaration Pottorff submitted with Petitioner's state habeas petition stated that in his experience the "00" stamp was used to indicate when prison authorities received the letter for mailing. However, on April 6, 2003, Pottorff submitted an amended version of this declaration to this Court, noting he had obtained additional insights into the matter. On this amended declaration, the phrase about the purpose of the "00" stamp is crossed out, and written above it is handwritten text stating that this is what prison authorities use to indicate when they "gave the envelope to the inmate." This change is initialed "NP." Pet., Ex. A at 2. Therefore, there is no evidence to support Petitioner's contention of a delay in sending his letter.

United States District Court
For the Northern District of California



suppression of the letter discussed above allegedly obtained in violation of Petitioner'- Fourth Amendment rights. In order to establish ineffective assistanc~ of counsel at the competency hearing based on defense counsel's failure to litigate a Fourth Amendment issue, Petitioner must show that: (1) the motion to suppress would have been meritorious, and (2) there is a reasonable probability that the jury would have reached a different verdict absent the introduction of the unlawful evidence. *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1170 (9th Cir. 2003) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

The Fourth Amendment exclusionary rule does not extend to proceedings other than criminal trials. *Pennsylvania Board of Probation & Parole v. Scott*, 524 U.S. 357, 363-64 (1998) (exclusionary rule does not bar the introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights). Under California state law, a section 1368 competency hearing is governed by the rules applicable to civil proceedings. *People v. Lawley*, 27 Cal. 4th 102, 131 (2002). "Although the competency hearing takes place as a result of, and during a criminal trial, it is not a criminal action, for it does not involve a charge of crime nor result in a criminal punishment." *People v. Skeirik*, 229 Cal. App. 3d 444, 455 (3d Dist. 1991).

Petitioner argues that competency hearings are quasi-criminal and the exclusionary rule should therefore apply, but he offers no case law and the Court could not locate any supporting this position. On the other hand, the California Supreme Court has clearly stated that such proceedings are civil in nature. *See Lawley*, 27 Cal. 4th at 131. It is not clearly established that a section 1368 proceeding is of the type where a suppression remedy is appropriate.[7] Having reviewed the California case law and *Pennsylvania Board of Parole v. Scott*, the Court cannot find that Petitioner's counsel acted below the appropriate standard of care in not raising the suppression issue. Petitioner also fails to show that the motion to suppress would have been meritorious.

---

[7] Petitioner's analogy to forfeiture hearings is unpersuasive. The exclusionary rule applies in forfeiture proceedings because they are quasi-criminal in nature. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 700 (1965). The object of a forfeiture hearing, "like a criminal proceeding, is to penalize for the commission of an offense against the law." *Id.* A section 1368 hearing, however, "does not involve a charge of crime nor result in a criminal punishment." *Skeirik*, 229 Cal. App. 3d at 455.

United States District Court
For the Northern District of California

F 34

United States District Court
For the Northern District of California

## V. Substantive Fourth and Sixth Amendment Violations

Finally, Petitioner argues that his substantive Fourth and Sixth Amendment rights were violated by prison officials' alleged interception of the letter sent to Potorff. Respondent counters that Petitioner did not properly exhaust these claims in state court. However, Respondent too narrowly interprets Petitioner's claims to apply only to the competency hearing. Petitioner in fact alleges more generally that his rights were violated by the alleged seizure of the letter Petitioner sent to Potorff.

In his habeas petition before the California Supreme Court, Petitioner did specifically claim a substantive violation of his Sixth Amendment rights arising from the alleged seizure of the letter. Answer, Ex. R at 47. Thus, his Sixth Amendment claim is exhausted. However, as discussed above, since Petitioner's letter pertained to an attempt to illegally thwart a forthcoming prosecution, it is not entitled to the cloak of immunity. Therefore, his Sixth Amendment rights were not violated.

Respondent is correct that Petitioner's habeas petition before the California Supreme Court did not allege a substantive violation of his Fourth Amendment rights, and therefore this claim is not exhausted. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). A district court must dismiss any habeas petition containing one or more unexhausted claims. *Rose* at 522. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

*Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983), cert.

000012

F 35

Full and

denied, 464 U.S. 933 (1983). All *Powell* requires is the initial opportunity for a fair hearing. The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). Courts have found the absence of an opportunity for full and fair litigation in state court only in exceptional cases. *See, e.g., Anderson v. Calderon*, 232 F.3d 1053, 1068 (9th Cir. 2000).

Although *Powell*'s bar is prudential rather than jurisdictional, it is founded in policy considerations that oblige a federal court to raise it *sua sponte* if the state neglects to assert it. *See Woolery v. Arave*, 8 F.3d 1325, 1327 (9th Cir. 1993), cert. denied, 511 U.S. 1057 (1994); *accord Davis v. Blackburn*, 803 F.2d 1371, 1372-73 (5th Cir. 1986). Since Petitioner has failed to establish that he lacked an opportunity for full and fair litigation of his Fourth Amendment claim in state court, this Court is barred from considering the claim. How Liar.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the petition for writ of habeas corpus. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 10, 2004

JUDGE MARTIN J. JENKINS
UNITED STATES DISTRICT

Proof Exhaustion Supreame Court Cases

S070607 S088566 S080597
~~ST06339~~ S069377 ~~S082534~~
S067425 ~~S082539~~ S098557
S084965 S088577 S078901
S088145 S083698 ~~S083369~~
S069175 S090193 S125765
S082539 S0106339

United States District Court
For the Northern District of California

000013

36 G

| REQUESTING AGENCY NO. |
|---|
| 90-55095 |

CALIFORNIA DEPARTMENT OF JUSTICE
DIVISION OF LAW ENFORCEMENT
BUREAU OF FORENSIC SERVICES
NORTH COAST CRIMINALISTICS LABORATORY
EUREKA, CALIFORNIA 95501

| BFS CASE NO. |
|---|
| NCC-0151-90 |

Falsified They make it look like...

DEFENDANT'S EXHIBIT B 91-027-C 3/03/92

Exibit from First Trial I never Ever Seen it.

To: William Cornell
District Attorney, Del Norte Co.
Courthouse, RM 21
Crescent City, CA 95531
ATTN: Lynn Devine

Copies To:

# PHYSICAL EVIDENCE EXAMINATION REPORT

| TYPE OF CASE | REQUESTING AGENCY | |
|---|---|---|
| 261 P.C. | Del Norte Co. District Attorney | |
| SUBJECT: Harnden, Jeffery (s) Ruth, Cordella (v) | | |
| EXHIBITS RECEIVED FROM: See Report | DATE | TIME |
| METHOD OF TRANSIT | | |

*This is a report concerning physical evidence examinations requested by your office. In any future correspondence regarding this case please use the BFS case number appearing at the top of this report. If court testimony is required, please notify this office at least two weeks in advance whenever possible.*

## SUPPLEMENTAL REPORT

SUMMARY:

The hair from Cordella Ruth's vaginal swab is dissimilar to the pubic hair standards from both Cordella Ruth and Jeffery Harnden.

Two hairs from Cordella Ruth's sweater have both similarities and differences to the head hair standards from Cordella Ruth and Jeffery Harnden. One hair from the sweater is dissimilar to the head standards from both persons.

at trial RT 1331 it was inconclusive @ lie a long way from Dissimilar.

EVIDENCE:

12) Pubic hair standards from Cordella Ruth received April 9, 1991 via United States Mail.

See Examiner's Report dated December 19, 1990 for additional evidence items.

DISPOSITION:

The mounted hairs are being retained by the North Coast Laboratory.

Date of Report: March 3, 1992 Examinations by: Kay L. Belschner