United States District Court for North
Anarchist Judge.
Jeff S. Hannaden H31120
4A3R-29  PoBox 3976
Corcoran Calif. 93212
          v
California coc

FILED
JUN/2/0 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

File fee paid
CV 08-02229
Notice of Appeal
Prepaid record for Appeal Frap 4 3.

1. 28 USC 2241 Habeas. I did not file under 28 USC 2254
2. Terrorist. Chief anarchist Judge who will Deny any
3. Judge who first Denied me Be wear—
4. D.N.A is pending and any Judge who Delays or Denys
5. Justice will Stand trial and will be Denied what you
6. first Denied like in C-004224 MJJ – Denial of Jury
7. trial.

8. Here as plainly alledged on Habeas this is not a Second
9. or Successive petition, because 28 USC 2244(b)&74
10. Does not apply. No other petitions under (other) Sections

11. (1) prepare the Record for Appeal.
12. (2) Note any Judge who Delays or Denys Justice Two
13. or more Times. California penal Code 1170. and 667.
14. Judges Dismissal or Denials will Result in upper term
15. Consecutive Sentencing.
16. (3) prepare your Dumb Ass Record for Appeal Frap 3.

17. under penalty of per Jury all I say is true

US District Court North

Cheif anarchist Judge
Jeff S. Harnden H31120
4A3R-29
PO Box 3476
Corcoran Ca 93212
              v
California CDC

>
>  File fee paid
>  ReQuested Certificate of Appealability.
>  CV 08- 02229       FRAP 5.

1 Cheif Anarchist Judge Jeff S. Harnden Terrorist for the
2 peoples Court. filed 28 USC 2241 Habeas not 28 USC 2254
3 Therefor 28 USC 2241 Does not apply.
4 And I Do not need to Seek permission from |Cowards|
5 at 9th Cir. court who will Stand trial for any and all
6 Denials. Penal Code 1170. 662 will apply to any Coward who
7 Denied Justice to the innocent
8 |D.N.A| is pending. and Judges will Stand trial for
9 Any Denial to the innocent. Attorney was ReQuested.
10 Certificate of appealability is Demanded
11 Any Denial is a Terrorist act. Anything a Judge Denys he will face
12 Denial.
   Cheif anarchist Judge for the peoples Court
13 of united states of america
14
15 (under penalty of perjury all I say is true and Correct
              Harnden
16
17                      JH   6/17/08
   Original

225 F.3d 1100, Barapind v. Reno, (C.A.9 (Cal.) 2000)

Gatekeeping provisions of Antiterrorism and Effective Death Penalty Act (AEDPA), which require permission of Court of Appeals before second or successive habeas corpus application may be commenced under provision governing habeas petitions of persons in state custody, do not apply to habeas petitions filed under different habeas statute. 28 U.S.C.A. §§ 2241, 2244(b), 2254.

[18] However, the gatekeeping provisions of AEDPA, as set forth in 28 U.S.C. § 2244, do not apply to all habeas petitions, nor are all multiple collateral attacks "second or successive." First, the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before "a second or successive habeas corpus application under section 2254" may be commenced. See Valona v. United States, 138 F.3d 693, 694 (7th Cir.1998); 28 U.S.C. § 2244(b). Because § 2244(b) makes no reference to habeas petitions filed under § 2241, but rather, applies only to petitions filed pursuant to 28 U.S.C. § 2254, the prior-appellate-review provisions of § 2244(b) do not apply to habeas petitions filed under § 2241. See id. (citing Felker, 518 U.S. at 662-63, 116 S.Ct. 2333).

These cases compel the conclusion that the district court abused its discretion in finding that Barapind's instant § 2241 petition is an abuse of the writ. Barapind challenges only the BIA's decision to hold his asylum application in abeyance pending the outcome of the extradition proceedings. In contrast, the 1994 petition, brought pursuant to INS § 106(a)(10) and not § 2241, challenged the BIA's order denying his application for asylum and order of exclusion. At root, Barapind's present habeas claim arises out of the success of his initial petition before this Court, and he only seeks recourse of actions taken by the BIA as part of remanded proceedings. See Taylor, 171 F.3d at 187-88.

When a prisoner files a second or subsequent habeas petition, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's ... If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

PROOF OF SERVICE BY MAIL

I, Chief Panachst Judge Jeff S. Hander, declare that I am over 18 years of age, and a party to the attached herein cause of action, that I reside at CSP-Corcoran in the county of King, California. My mailing address is: H31120 4A3R-29 PO Box 3476 Corcoran Ca 93212.

On _____/___,2008. I delivered to prison officials for mailing, at the above address, the attached; CV08-02229 (1) Petition for Reconsideration ad Rehearing Frcp 59, 60, Request Certificate of appealability That failing notice of appeal prepare record for appeal Frap 3, 4, 5, 6. in sealed envelope(S) with postage fully prepaid, addressed to;

(1) US District Court 450 Golden 2) Gate ave San Francisco Ca 94102

9th cir Court of Appeal PO Box 193939 San Francisco Ca 94102-1939

Attorney General Brown  455 Golden Gate ave SF Ca 94104

(3) _____  (4) _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of 6/17/20 08 at CSP-Corcoran California.

IN PROPER