IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. HARNDEN, | No. C 08-2229 WHA (PR) |
| Petitioner, | **ORDER DENYING MOTIONS FOR REHEARING AND FOR A CERTIFICATE OF APPEALABILITY** |
| vs. | |
| CALIFORNIA CDC, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. The petition was dismissed because it was second or successive and petitioner had not obtained an order from the United States Court of Appeals for the Ninth Circuit allowing him to file it, as required by 28 U.S.C. § 2244(b)(3)(A). Petitioner has filed a motion for reconsideration, a notice of appeal and a motion for a certificate of appealability.

In the motion to reconsider petitioner contends that this petition was pursuant to 28 U.S.C. § 2241, not Section 2254, and thus was not second or successive. It is true that he labeled this petition was being pursuant to Section 2241, but the Ninth Circuit has rejected the theory that the label is controlling: "We . . . conclude that . . . 'when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case.'" *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, (7th Cir. 2000)). That petitioner labeled his petition as being brought under Section 2241 thus was not sufficient to avoid its being

second or successive or to insulate him from the requirement of 2244(b)(3)(A) that he obtain permission from the court of appeals. *See id.* ("§ 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of this detention."); *Greenawalt v. Stewart*, 105 F.3d 1287, (9th Cir. 1997) (per curiam) (applying 2244(b)(3)(A) to petition labeled as being brought under Section 2241). The motion to reconsider is **DENIED**.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies not only to decisions on the merits but also to an appeal of a final order entered on a procedural question antecedent to the merits, such as the dismissal here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because petitioner had an earlier petition challenging the same conviction, *Harnden v. Scott*, 00-4221 MJJ (PR), and he did not obtain an order from the court of appeals allowing him to file a second or successive petition. The law requiring dismissal in such situations is clear; jurists of reason would not find the dismissal debatable or wrong. The motion for a certificate of appealability (document number 7 on the docket) is **DENIED**.

2

1  The clerk shall transmit the file, including a copy of this order, to the Court of Appeals.
2  *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).
3  Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if
4  he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: July __11__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\HARNDEN2229.COA.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY S HARNDEN,

          Plaintiff,

  v.

CALIFORNIA CDC et al,

          Defendant.
                                      /

Case Number: CV08-02229 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey S. Harnden
H-31120/ 4A3R-28
Corcoran State Prison
PO Box 3476
Corcoran, CA 93212

Dated: July 14, 2008

                                      Richard W. Wieking, Clerk
                                      By: D. Toland, Deputy Clerk